UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES SNYDER,<br><br>    Petitioner,<br><br>  v.<br><br>AL RAMIREZ,<br><br>    Respondent. | Case No. 1:22-cv-00311-REP<br><br>**INITIAL REVIEW ORDER** |

Petitioner James Snyder has filed a Petition for Writ of Habeas Corpus challenging Petitioner's state court conviction. *See* Dkt. 1. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

**REVIEW OF PETITION**

**1.      Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

INITIAL REVIEW ORDER - 1

2.    **Discussion**

Petitioner pleaded guilty to possession of a controlled substance and a traffic violation in the First Judicial District Court in Kootenai County, Idaho. The judgment of conviction was entered in 2019. Petitioner was sentenced to a unified term of seven years in prison with three years fixed. Petitioner pursued a direct appeal but, apparently, did not pursue state post-conviction relief. Dkt. 1 at 1–2.

The Court construes the Petition as asserting the following claims.[1] In Claim 1, Petitioner asserts violations of the Fourth and Fourteenth Amendments based on an illegal search and seizure, as well as a claim under the Americans with Disabilities Act. *Id*. at 6. In Claim 3, Petitioner asserts violations of the Equal Protection Clause. *Id*. at 8. An unnumbered claim—which the Court will refer to as Claim 5—asserts ineffective assistance of counsel based on counsel's actions with respect to a motion to suppress. *Id*. at 11. The remaining claims—Claims 2 and 4—appear to assert unidentified violations of Petitioner's civil rights. 42 U.S.C. § 12101 *et seq*. *Id*. at 7, 9; Dkt. 1-1.

Petitioner may proceed on the Petition to the extent that the claims (1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or are subject to a legal excuse for any failure to exhaust in a proper manner. At this time, the Court expresses no opinion as to whether any of these issues applies to any of Petitioner's claims.

---

[1] If the Court's construction of any claim is incorrect, Petitioner must inform the Court and Respondent of all corrections within 28 days after entry of this Order.

It is necessary for the Court to review portions of the state court record to resolve preliminary procedural issues, and it would also be helpful to receive briefing from Respondent. Therefore, the Court will order the Clerk to serve a copy of the Petition on counsel for Respondent, who may respond either by answer or pre-answer motion and who will provide relevant portions of the state court record to this Court.

**3.       Potentially Applicable Standards of Law**

Because Petitioner does not have a lawyer and because the Court finds that focused briefing from the parties would be beneficial in this case, the Court provides the following standards of law that might, or might not, be applicable to Petitioner's case.

### A.       *Potentially Non-Cognizable Claims*

The Court will not dismiss any claims at this early stage of the proceedings, but it notes that some of Petitioner's claims may be subject to dismissal at a later date as non-cognizable—meaning that the claims cannot be heard—on federal habeas corpus review. First, Fourth Amendment claims are not cognizable on federal habeas review, so long as the petitioner had the opportunity for full and fair litigation of the claim in state court. *Stone v. Powell*, 428 U.S. 465, 494 (1976).

Additionally, at least some of Petitioner's claims appear to challenge past or ongoing conditions of Petitioner's confinement but do not attack the fact or duration of Petitioner's confinement. Such civil rights claims, which do not lie at the core of habeas corpus, "must be brought, if at all," in a civil rights action under 42 U.S.C. § 1983. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (stating that the "essence of habeas corpus is an

attack by a person in custody upon the legality of that custody," and that "the traditional function of the writ is to secure release from illegal custody").

However, some of Petitioner's civil rights allegations may, indeed, be challenging the fact or duration of Petitioner's confinement. *See, e.g.,* Dkt. 5 at 2 ("I was sick during sentencing and before sentencing with a deadly disease …."). The parties may need to address these civil-rights-versus-habeas-corpus issues at a future date.

### B. *Exhaustion and Procedural Default*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847.

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996). Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim but has

failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a claim is procedurally defaulted, a federal court can consider the merits of the claim only if the petitioner meets one of two exceptions. A petitioner asserting a procedurally defaulted claim must make either (1) a showing of adequate legal cause for the default and prejudice arising from the default, or (2) a showing that a miscarriage of justice will occur if the claim is not heard in federal court. *See Coleman*, 501 U.S. at 731; *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Carrier*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Cause for the default may exist as a result of ineffective assistance of counsel ("IAC"). For example, the failure to object to a trial error, or a failure on appeal to raise a meritorious claim of trial error, may render a claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will

suffice."). However, for ineffective assistance of trial or direct appeal counsel to serve as cause to excuse the default of a claim, that ineffective assistance claim must itself have been separately presented to the state appellate courts. *Id.* at 451 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted."). If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show that an excuse for that separate default exists, as well.

A petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule is that any errors of counsel during a post-conviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

However, the Supreme Court established an exception to that general rule in *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. The Supreme Court has described and clarified the *Martinez* cause and prejudice test as consisting of four necessary prongs: (1) the underlying IAC claim must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the IAC claim could have been brought; and (4) state law requires that an IAC

claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569 U.S. 413, 423, 429 (2013).[2]

If a petitioner cannot show cause and prejudice for his procedural default, he still can bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice." *Carrier*, 477 U.S. at 496. This standard requires proof that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Id.* Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

### C.   Timeliness Issues

#### i.   One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Timeliness is determined on a claim-by-claim basis, rather than giving the petition as a whole a single limitations

---

[2] Although *Martinez v. Ryan* can excuse procedural default and permit a petitioner to *raise* an IATC claim in federal habeas, it does not permit factual development outside the state court record to *prove* that IATC claim. Instead, claims that can be raised under *Martinez* remain subject to 28 U.S.C. § 2254(e)(2), which generally does not permit new evidence in federal habeas proceedings unless petitioner shows actual innocence and the claim relies either on a new, retroactive rule of constitutional law or on a factual predicate that could not previously have been discovered. *Shinn v. Ramirez*, 142 S. Ct. 1718, 1728 (U.S. May 23, 2022).

period. *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012) ("Therefore, we hold that AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis.").

The one-year statute of limitations can be tolled (or paused) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2).

The statute of limitations can also be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

In addition, like procedural default, AEDPA's statute of limitations is subject to an actual innocence exception. A petitioner who satisfies the actual innocence gateway standard may have otherwise time-barred claims heard on the merits. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc).

      ii.      <u>Stay-and-Abey Procedures and Relation-Back of Amendments</u>

Petitioner should be aware that failing to raise any unexhausted claims in this action may jeopardize his federal statute of limitations filing date for such claims.

Prior to the enactment of AEDPA, the Supreme Court had held that federal courts could consider a habeas petition only if *all* the claims in that petition were exhausted. *See*

*Rose v. Lundy*, 455 U.S. 509, 522 (1982). This doctrine of "total exhaustion" required that a district court dismiss, without prejudice, any habeas petition that included even one unexhausted claim. *Id.* The appropriate course, if a claim was unexhausted, was to dismiss the petition without prejudice. Then, once the petitioner had exhausted the unexhausted claims in state court, he could return to federal court and file a new habeas petition. Alternatively, the petitioner could choose to "amend[] or resubmit[] the habeas petition to present only exhausted claims to the district court." *Id*. at 510.

The total exhaustion requirement became problematic with the passage of AEDPA, which not only preserved that requirement, but also imposed a one-year statute of limitations for federal habeas petitions. *See* 28 U.S.C. § 2244(d). As the Supreme Court later observed,

> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.

*Rhines v. Weber*, 544 U.S. 269, 275 (2005).

To address this problem, the Supreme Court held in *Rhines* that a federal district court has the discretion to stay a mixed habeas petition—a petition containing both exhausted and unexhausted claims—to allow the petitioner to present the unexhausted claims to the state courts and then later return to federal court for review of the perfected petition. *Id*. at 277. Staying a habeas case preserves the original filing date of the claims

asserted in the original petition, for purposes of the one-year federal statute of limitations period.

The Ninth Circuit has since extended the holding in *Rhines*, so that the "stay-and-abeyance procedure is not limited to mixed petitions, and a district court may stay a petition that raises *only* unexhausted claims." *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016). However, a stay is inappropriate if *all* the claims in a petition are exhausted. To warrant a stay, at least one of the pending state court claims must be included in the federal petition—that is, the petition must be either mixed or completely unexhausted.[3]

Moreover, an important consideration for federal habeas petitioners is that statutory tolling of the limitations period is not permitted if the state post-conviction action was not "properly filed." If a petitioner files an untimely state post-conviction action—or one that is procedurally improper for another reason—then that action *cannot* toll the federal limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Unfortunately, a petitioner usually does not receive a state court order concluding that a post-conviction action is procedurally improper until *after* the federal statute of limitations has expired, causing loss of the claims the petitioner had hoped to exhaust in the state post-conviction matter. Once the federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v.*

---

[3] Though Petitioner has filed a motion entitled "Supplemental Motion Brief of Facts and Stay of Judgment on Appeal," it does not appear that Petitioner is seeking a *Rhines* stay of this action. Instead, Petitioner asks the Court to order his release so that Petitioner can continue a certain mental health treatment. *See* Dkt. 5 at 4. The Court lacks authority to order Petitioner's release absent the issuance of a writ of habeas corpus, and the Court has not yet adjudicated Petitioner's habeas claims. Therefore, Petitioner's request for release will be denied as premature.

*Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

There is a second important statute-of-limitations consideration for federal habeas petitioners: If a petitioner amends a petition after the federal statute of limitations has run, the amendments might not receive the benefit of, or "relate back" to, the original petition's filing date. Amendments relate back to the original petition only if the original and amended pleadings both arise out of the same "'conduct, transaction, or occurrence.'" *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (alteration omitted) (quoting Fed. R. Civ. P. 15(c)(2), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). The words "same 'conduct, transaction, or occurrence" do *not* mean simply "the same 'trial, conviction, or sentence,'" because the standard of Rule 15 amendments is considered in conjunction with the "more demanding" standard of Habeas Rule 2(c). *Id*. at 655, 664. Rather, relation back is proper only when "the original and amended petitions state claims that are tied to a common core of operative facts."[4] *Id*.

Courts use a two-step analysis to decide whether, for statute of limitations purposes, a claim in an amended petition relates back to a claim in the original petition. First, the district court must "determine what claims the amended petition alleges and

---

[4] The Supreme Court offered the following examples of cases where this standard was satisfied: (1) *Mandacina v. United States*, 328 F.3d 995, 1000–1001 (8th Cir. 2003), in which the original petition alleged violations of *Brady v. Maryland*, 373 U.S. 83 (1963), "while the amended petition alleged the Government's failure to disclose a particular report," and "[b]oth pleadings related to evidence obtained at the same time by the same police department"; and (2) *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001), in which "the original petition challenged the trial court's admission of recanted statements, while the amended petition challenged the court's refusal to allow the defendant to show that the statements had been recanted." *Mayle*, 545 U.S. at 664 n.7.

what core facts underlie those claims." *Ross v. Williams*, 950 F.3d 1160, 1167 (9th Cir. 2020). Second, "for each claim in the amended petition," the court must "look to the body of the original petition and its exhibits to see whether" (a) "the original petition set out or attempted to set out a corresponding factual episode," or (b) "whether the claim is instead supported by facts that differ in both time and type from those the original pleading set forth." *Id.* (internal quotation marks and alterations omitted).

In addition, an amendment invoking a legal theory not suggested in the original petition relates back to that original petition only if it arises from the same "episode-in-suit." *Mayle*, 545 U.S. at 659–60 (citing *Tiller v. Atl. Coast Line R. Co.*, 323 U.S. 574, 580–81 (1945)). For example, ineffective assistance claims relate back to claims where the underlying substantive error is based on the same set of facts. *See Nguyen v. Curry*, 736 F.3d 1287, 1296–97 (9th Cir. 2013) (determining that a claim that appellate counsel was ineffective for failing to raise double jeopardy issue related back to a timely-raised substantive double jeopardy claim), *abrogated on other grounds by Davila v. Davis*, 137 S. Ct. 2058 (2017).

## ORDER

**IT IS ORDERED:**

1.  Petitioner's Supplemental Motion Brief of Facts and Stay of Judgment on Appeal (Dkt. 5), construed as a motion to order Petitioner's release before final adjudication of his claims, is DENIED.

2.  The Clerk of Court will serve (via ECF) a copy of the Petition (Dkt. 1), along with any attachments, together with a copy of this Order, on L.

LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

3. Within 120 days after service of the Petition, Respondent may file either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief, on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). The Court may order the parties to brief the merits of claims that may be subject to a procedural bar if the merits analysis is more straightforward than a complicated procedural analysis.

4. Respondent must file with the responsive pleading or motion, or within a reasonable time thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations—which must be provided to the Court if the petition contains any sentencing claims—must be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

5.     If the response to the habeas petition is an answer, Petitioner must file a
reply (formerly called a traverse), containing a brief rebutting Respondent's
answer and brief, which must be filed and served within 28 days after
service of the answer and brief. Respondent has the option of filing a sur-
reply within 14 days after service of the reply. At that point, the case will
be deemed ready for a final decision.

6.     If the response to the habeas petition is a motion, Petitioner's response must
be filed and served within 28 days after service of the motion, and
Respondent's reply, if any, must be filed and served within 14 days
thereafter.

7.     In the response to the habeas petition, whether a pre-answer motion or an
answer and brief, Respondent must include citations to all portions of the
state court record that support Respondent's assertions. Although
Respondent may include citations to a state appellate court decision that
describes events that took place in a lower court, Respondent must also
include citations to the underlying lower court record.

8.     If any of Petitioner's claims are currently under consideration in state court
proceedings, any party may file a motion to stay this case pending the
outcome of those proceedings. *See Rhines v. Weber*, 544 U.S. 269, 277–78
(2005); *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016).

9.      No party may file supplemental responses, replies, affidavits, or other

documents not expressly authorized by the Local Rules or by this Order

without first obtaining leave of Court.

10.     No discovery may be undertaken in this matter unless a party obtains prior

leave of Court, pursuant to Rule 6 of the Habeas Rules.

11.     The parties may, but need not, file the following in this matter: (1) notices

of non-objections to motions to which they do not object; (2) responses to

motions for appointment of counsel; (3) responses to motions that are

meritless, frivolous, or filed in contravention of this Order; or (4) notices of

intent not to file a reply. The Court will notify the parties if additional

briefing is required on any issue.

12.     Each party must ensure that all documents filed with the Court are

simultaneously served via the ECF system or by first-class mail upon the

opposing party (through counsel if the party has counsel), pursuant to

Federal Rule of Civil Procedure 5. Each party must sign and attach a proper

mailing certificate to each document filed with the court, showing the

manner of service, date of service, address of service, and name of the

person upon whom service was made, or as specified by the applicable ECF

rules. The Court will not consider ex parte requests unless a motion may be

heard ex parte according to the rules and the motion is clearly identified as

requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means

INITIAL REVIEW ORDER - 15

that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

13.    All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

14.    Petitioner must at all times keep the Court and Respondent advised of any change in address.

15.    If Petitioner's custodian changes at any point during this litigation, Petitioner must file a Notice of Substitution of Respondent, within 28 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Habeas Rule 2(a).

DATED:  September 7, 2022

Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

INITIAL REVIEW ORDER - 16