UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES SNYDER,<br><br>    Petitioner,<br><br>v.<br><br>AL RAMIREZ,<br><br>    Respondent. | Case No. 1:22-cv-00311-REP<br><br>**MEMORANDUM DECISION AND ORDER** |

  Pending before the Court is a Petition for Writ of Habeas Corpus challenging Petitioner James Snyder's Idaho state court convictions. (*See* Dkt. 1, 15, 17.) Respondent has filed a Motion for Summary Dismissal, which is now ripe for adjudication. (Dkt. 29.)

  The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

  The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. 6.

  Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). For the following reasons, the Court will grant the Motion for Summary Dismissal and dismiss this case with prejudice.

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

In the First Judicial District Court in Kootenai County, Idaho, Petitioner pleaded guilty to possession of a controlled substance and leaving the scene of an accident. In exchange, the state dismissed a paraphernalia charge and a persistent violator sentencing enhancement. Petitioner was sentenced to seven years in prison with three years fixed, but the judge suspended the sentence and placed Petitioner on probation. *State v. Snyder*, No. 49736, 2023 WL 2489842, at *1 (Idaho Ct. App. Mar. 14, 2023) (per curiam) (unpublished), *cert. denied*, No. 22-7602, 2023 WL 4163336 (U.S. June 26, 2023). Petitioner did not file a direct appeal. (State's Lodging A-1 at 2-16.)

Petitioner later admitted to violating the terms of probation. The state district court revoked probation, but also retained jurisdiction and placed Petitioner on a rider. *Snyder*, 2023 WL 2489842, at *1. Petitioner did not appeal the order revoking probation and retaining jurisdiction. (State's Lodging A-1 at 2-16.)

Once Petitioner completed the rider, the state court again suspended sentence and ordered probation, imposing a probation condition that Petitioner participate in and complete drug court. (*Id*. at 175–78.) Petitioner did not appeal. (*Id*. at 2-16.)

Petitioner later moved to strike the drug court condition from the terms of his probation, acknowledging that Petitioner's traumatic brain injury rendered participation in the program difficult. (*Id*. at 181–82). The state district court granted the motion and removed the drug court requirement. (*Id*. at 183–85.) Petitioner did not appeal.

Petitioner again admitted to violating probation. The court revoked probation and ordered the execution of Petitioner's original sentence. *Snyder*, 2023 WL 2489842, at *1.

MEMORANDUM DECISION AND ORDER - 2

Petitioner filed a motion for reduction of sentence under Idaho Criminal Rule 35, claiming that he should be placed on either probation or a rider. (State's Lodging A-1 at 222–24.) The state district court granted the request in part, denying the request for probation but placing Petitioner on another rider. (*Id.* at 239–41.)

Petitioner appealed, arguing that the district court erred in partially denying his Rule 35 motion. Petitioner claimed that the court should have placed him back on probation. (State's Lodging B-1.) The Idaho Court of Appeals affirmed the district court's order denying Petitioner's request for probation. *Snyder*, 2023 WL 2489842, at *1.

Petitioner did not pursue state post-conviction relief. However, he did file several pro se documents directly with the Idaho Supreme Court, including a petition for a writ of habeas corpus. (State's Lodging C-1 through C-9). The petition included at least some of the claims asserted in this action. (*See, e.g.,* State's Lodging C-1 at 2 (stating that officers "unlawfully searched" Petitioner's car).) The Idaho Supreme Court denied the petition. (State's Lodging C-10.)

In the instant federal habeas corpus petition, Petitioner asserts five claims. Claim 1 asserts (a) that Petitioner was subjected to an unconstitutional search and seizure and (b) that the search and seizure violated the Americans with Disabilities Act.

Claim 2 asserts a civil rights violation, apparently based on Petitioner's removal from drug court. Claim 3 asserts an Equal Protection Clause violation based on lack of access to rehabilitation programs.

In Claim 4, Petitioner appears to assert a civil rights violation based on a failure to accommodate Petitioner's disability. And Claim 5 asserts that Petitioner's counsel rendered ineffective assistance with respect to a motion to suppress. (*See* Pet., Dkt. 1; Init. Rev. Order, Dkt. 7.)

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." Dkt. 7 at 2.

Respondent now argues that all of Petitioner's claims are procedurally defaulted, that some are untimely, and that some are noncognizable. For the reasons that follow, the Court concludes that all of Petitioner's claims are procedurally defaulted without excuse.[1]

## DISCUSSION

The Rules Governing Section 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

---

[1] The Court does not address Respondent's other arguments.

1.  **Procedural Default Standards of Law**

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

Raising a claim "for the first and only time in a procedural context in which its merits will not be considered" except in rare circumstances does not constitute fair presentation. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In addition, presenting a state law claim does not properly exhaust a federal claim, even if the state and federal claims are similar. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam).

General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). For proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal

basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161–62. Procedurally defaulted claims include the following: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To be an "adequate" state ground, a procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Martinez v. Klauser*, 266 F.3d 1091, 1093 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

**2.     Petitioner's Claims Are Procedurally Defaulted**

The most straightforward manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were raised and addressed on the merits in the state court appellate proceedings and compare them to the subject matter of the claims in this action.

MEMORANDUM DECISION AND ORDER - 6

Petitioner filed only a single appeal relating to the convictions challenged in this action—he appealed from the state district court's partial denial of Petitioner's Rule 35 motion. In that appeal, he argued only that the trial court abused its discretion, under Idaho law, by failing to further reduce Petitioner's sentence and place him on probation. (State's Lodging B-1.)

This is a state law claim. Petitioner raised no federal claims at all in the appeal. Thus, Petitioner's state court appeal could not have served to fairly present any of Petitioner's current habeas claims.

Petitioner did file an original petition for writ of habeas corpus directly with the Supreme Court. However, presenting a challenge to a conviction or sentence to the Idaho Supreme Court in an original habeas petition does not constitute fair presentation.

Idaho generally requires such claims to be brought in a post-conviction petition. *Lindquist v. Gardner*, 770 F.2d 876, 878 (9th Cir. 1985) ("Except in extraordinary circumstances, [Idaho's] Uniform Post-Conviction Sentencing Act is a required step in an Idaho state prisoner's post-conviction judicial remedies."); *see also* Idaho Code § 19-4902 ("A [post-conviction] proceeding is commenced by filing an application verified by the applicant with the clerk of the district court in which the conviction took place."). Indeed, the Idaho Supreme Court will not exercise its jurisdiction to consider an original habeas petition "except in extraordinary cases." *In re Barlow*, 282 P. 380, 380 (Idaho 1929).

This is an adequate and independent procedural rule—it has been the law in Idaho since at least 1929. As noted above, the United States Supreme Court has made clear that

MEMORANDUM DECISION AND ORDER - 7

raising a claim "for the first and only time in a procedural context in which its merits will not be considered" absent extraordinary circumstances is not proper exhaustion. *Castille*, 489 U.S. at 351.

The claims in Petitioner's original habeas petition filed with the state supreme court were not fairly presented. Because it is now too late for Petitioner to properly exhaust any of his current habeas claims, the claims are procedurally defaulted. *See Gray*, 518 U.S. at 161–62.

3.  **Petitioner Has Not Shown Cause and Prejudice, or Actual Innocence, to Excuse the Procedural Default of His Claims**

That Petitioner's claims are procedurally defaulted does not end the inquiry. A federal district court can hear the merits of a procedurally defaulted claim only if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default; or (2) actual innocence. *Murray v. Carrier*, 477 U.S. 478, 488, 496 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

A.  ***Petitioner Has Not Established Cause and Prejudice***

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

MEMORANDUM DECISION AND ORDER - 8

Petitioner appears to argue that his appellate counsel rendered ineffective assistance in failing to raise his claims in a procedurally proper manner. Ineffective assistance of counsel ("IAC") can constitute cause for a default. For example, the failure on appeal to raise a meritorious claim of trial error—or the failure at trial to preserve a claim for appeal—may render that claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for IAC—whether at trial or on direct appeal—to serve as cause to excuse a default, that IAC claim must itself have been separately presented to the state appellate courts. *Id.* ("A claim of ineffective assistance ... generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal quotation marks and alteration omitted).

In other words, before a federal court can consider ineffective assistance of trial or direct appeal counsel as cause to excuse the default of an underlying habeas claim, a petitioner generally must have presented the ineffective assistance of counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court. If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show an excuse for that separate default, as well. *Id.* at 453 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.").

MEMORANDUM DECISION AND ORDER - 9

Petitioner did not present an IAC claim to the state supreme court. Therefore, he cannot rely on his appellate attorney's alleged ineffectiveness to excuse the procedural default of his claims.

### B. *Petitioner Has Not Shown That He Is Actually Innocent*

If a petitioner cannot show cause and prejudice for his procedural default, he still can bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice." *Murray v. Carrier*, 477 U.S. at 496. This standard requires proof that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Id.* Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A procedurally defaulted claim may be heard under the miscarriage-of-justice exception only if, "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [the petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, the petitioner must show that, but for the constitutional error, *every* reasonable juror would vote to acquit.

This is a particularly exacting standard, one that will be satisfied "only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks omitted). Indeed, cases where the actual innocence gateway standard has been satisfied have "typically involved dramatic new evidence of innocence." *Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013). Such evidence may include new DNA evidence, or "a detailed third-party confession," that "undermine[s] the validity of the prosecution's entire case." *Sistrunk v. Armenakis*, 292 F.3d 669, 677 (9th Cir. 2002); *see House*, 547 U.S. at 540–41. The actual innocence exception is not satisfied by evidence that is merely speculative, collateral, cumulative, or "insufficient to overcome otherwise convincing proof of guilt." *Larsen*, 742 F.3d at 1096.

A court determining whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). An actual innocence analysis "requires a holistic judgment about all the evidence and its likely effect on reasonable jurors applying the reasonable-doubt standard"; in other words, the federal court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *House*, 547 U.S. at 538-39 (2006) (internal quotation marks omitted).

Petitioner has presented no new, reliable evidence that he is actually innocent. Therefore, he is not entitled to application of the miscarriage-of-justice exception to procedural default.

## CONCLUSION

Petitioner's claims are procedurally defaulted because he did not fairly present any of his habeas claims to the Idaho Supreme Court. Petitioner has not established a legal excuse for that default. Accordingly, the Petition must be dismissed.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 29) is GRANTED, and the Petition is DISMISSED with prejudice.

2. Petitioner's Motion for Final Judgment (Dkt. 48) is DENIED.

3. Petitioner's Motion to Show What Snyder Has Been Battling (Dkt. 51) is DENIED.

4. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: September 7, 2023

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge